■ SEA COVE MARINA, INC., Respondent, v. DORIS C. UHLENDORF et al., as Executors of FRANK A. LUDLAM, Deceased, Appellants.— In an action to establish a constructive trust of certain real property to which defendants hold the legal title, to declare plaintiff to be a tenant in common, to partition the property and to require the defendants to account, the defendants appeal: (1) from an interlocutory judgment of the Supreme Court, Nassau County, entered February 23, 1962 upon the decision of the court (32 Misc 2d 726) after a nonjury trial, which granted plaintiff the relief sought; and (2) from an order and resettled interlocutory judgment of said court, entered March 15, 1962. Order and resettled interlocutory judgment (one paper), entered March 15, 1962, reversed on the law and the facts, with one bill of costs to defendants, and complaint dismissed, with costs to defendants. Findings of fact inconsistent herewith (see 32 Misc 2d 726) are reversed and new findings are made as indicated herein. Appeal from the original interlocutory judgment, entered February 23, 1962, dismissed as academic; such judgment was superseded by the resettled judgment. Plaintiff corporation purchased the interests of certain heirs of former owners of a parcel of real property, known as Lot 58, in Glen Cove, Nassau County. Defendants acquired a tax title to said lot. Plaintiff contends that, since defendants also had acquired the interest of another heir before acquiring the tax title, the later tax title enured to the benefit of all as tenants in common. Defendants contend that plaintiff corporation does not come before the court with clean hands because one of the three incorporators, shareholders and directors was an attorney (Eugene Hurley) who, until four years before the formation of the corporation and institution of suit, had represented some of the defendants, including the deceased Ludlam. The record reveals that Ludlam attempted to find the heirs of the original owners of Lot 58 but had been able to acquire the interest of only one of them. Ludlam then consulted the attorney Hurley, who acquired a tax lien for Ludlam in the name of Ludlam's grandson, defendant Frank Uhlendorf, and subsequently received a tax deed for said Uhlendorf and brought a bar claim action which terminated successfully in 1952. Ludlam, however, had died July 1, 1951. At late as Autumn of 1954 some of the defendants paid Hurley for an opinion that the tax title was good. Upon the trial Hurley testified that he had been retained to acquire legal title only, not to cut off the equities of tenants in common. He readily admitted that he never informed the defendants of the possibility of acquiring the equitable interests of the other heirs. Moreover, the record indicates that he helped the plaintiff

corporation to acquire these interests, and he testified that the suit before us was brought with his consent and advice. Upon receipt of the defendants' answer questioning the propriety of his conduct, Hurley resigned as a director of the plaintiff corporation and surrendered his stock therein. Clearly, Hurley personally could not have acquired and asserted an interest adverse to defendants, even though they were clients no longer (*Matter of People* [*Bond & Mtge. Guar. Co.*], 303 N. Y. 423; *Zeiden v. Oliphant*, 54 N. Y. S. 2d 27; *Nichols v. Riley*, 118 App. Div. 404). In *Matter of People* (*Bond & Mtge. Guar. Co.*) (*supra*), the Justice at Special Term (199 Misc. 108, 111) quoted with approval from an early treatise, as follows: " counsel, or any persons who, being employed or concerned in the affairs of another, have acquired a knowledge of his property, are incapable of purchasing such property themselves, except under the restrictions which will shortly be mentioned. For, if persons having a confidential character were permitted to avail themselves of any knowledge acquired in that capacity, they might be induced to conceal their information, and not to exercise it for the benefit of the persons relying on their integrity." We do not agree with the court below that the firm policy set forth in this quotation can be thwarted by Hurley's belated renunciation of interest in the plaintiff corporation — an instrumentality which had sprung from his brow while he was armed with the peculiar knowledge required to wrest from the defendants benefits they had paid him to secure. Nor do we regard as important the question of whether or not Hurley ever realized that defendants were attempting to terminate the interests of tenants in common. Guilty knowledge or design is not the test of the validity of such a purchase by one in a fiduciary capacity, for it was observed long ago by the Chancellor in *Davoue* v. *Fanning* (2 Johns. Ch. 252, 260) that " However innocent the purchase may be in the given case, it is poisonous in its consequences." Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.